**Xing Kang CHEN, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF**

**JUSTICE, Alberto R. Gonzales,[1] Attorney General, Respondent.**

**No. 04–1170–AG.**

United States Court of Appeals, Second Circuit.

March 21, 2006.

David X. Feng, New York, New York, for Petitioner.

David R. Dugas, United States Attorney for the Western District of Louisiana, Tara A. Hingle, Catherine M. Maraist, Assistant United States Attorneys, Baton Rouge, Louisiana, for Respondent.

PRESENT: Hon. JOHN M. WALKER, Jr., Chief Judge, Hon. JAMES L. OAKES, and Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review from the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Xing Kang Chen, a native and citizen of China, petitions for review from the denial of asylum, withholding of removal, and Convention Against Torture ("CAT") relief. We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where the BIA agrees with the IJ's conclusion that a petitioner is not credible and without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of the decision, we review the IJ's decision including the portions not explicitly discussed by the BIA. *Yun–Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir.2005). We review factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v.*

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

*INS,* 386 F.3d 66, 73–79 (2d Cir.2004); *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178–83 (2d Cir.2004); *Secaida–Rosales v. INS,* 331 F.3d 297, 306–13 (2d Cir.2003); *Diallo v. INS,* 232 F.3d 279, 286–88 (2d Cir.2000).

In this case, the BIA and IJ found Chen's testimony incredible because, among other things, Chen was unable to explain the following inconsistencies in his testimony: (1) Chen testified that he submitted an application to obtain a birth permit for a second child, but in his asylum application he stated that his wife submitted the application for a birth permit; (2) Chen testified that he received the sterilization notice before he left China, but the sterilization notice and Chen's statement in his asylum application indicate that the notice was received by Chen's wife after he left China; (3) Chen testified that his family went into hiding at the home of his wife's aunt, yet his asylum application states that the family went to the home of his wife's grandmother; (4) Chen testified that his wife obtained the notarial birth certificates from the notary public office in December 2001, yet he also claimed that his wife was in hiding at this time at her aunt's home; and (5) Chen testified that his wife's IUD was removed in January 2001, but then he claimed that the IUD removal occurred in February, and insisted that he never said January. These are "specific, cogent reasons" that "bear a legitimate nexus" to the finding. *Zhou Yun Zhang,* 386 F.3d at 74 (quoting *Secaida–Rosales,* 331 F.3d at 307 (internal quotations omitted)).

The IJ noted that Chen submitted documents in support of his claim, yet given Chen's inconsistent testimony and lack of credibility, he did not give any material weight to the documents. Especially with regard to Chen's notarial certificate and the notice for sterilization. Chen's testimony and the documents submitted cannot be reconciled; therefore, the IJ's finding regarding the submitted documents is reasonable.

In his petition for review, Chen also challenges the IJ's denial of CAT relief. A petitioner must "raise issues to the [agency] in order to preserve them for judicial review." *Gill v. INS,* 420 F.3d 82, 86 (2d. Cir.2005) (citing *Foster v. INS,* 376 F.3d 75, 77–78 (2d. Cir.2004)); *see* 8 U.S.C. § 1252(d)(1). In his appeal to the BIA, Chen failed to challenge the IJ's denial of his CAT claim; therefore, this Court lacks the jurisdiction to review that portion of the claim.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).